HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAUREN COLLINS,

    Plaintiff,

    v.

NINA QUINTANA, et al.,

    Defendants.

CASE NO. C15-1619RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendants Mercury Insurance Company ("Mercury") and Nina Quintana's Motion to Dismiss. Dkt. # 20. Plaintiff Lauren Collins filed an untimely and unresponsive opposition to Defendants' Motion. For the reasons set forth below, the Court hereby **GRANTS** Defendants' Motion to Dismiss (Dkt. # 20) and **DENIES** Plaintiff's Motion to Appoint Counsel (Dkt. # 16).

## II.   BACKGROUND

On or about November 13, 2013 Plaintiff was involved in a motor vehicle accident with an individual insured by Mercury, Sean O'Connell. Ms. Quintana, one of Mercury's claim representatives, investigated Plaintiff's insurance claim and denied coverage. On or about July 21, 2015, Plaintiff filed a complaint, which Defendants removed to this Court on October 9, 2015. Dkt. # 1. Plaintiff then amended the complaint on or about November 13, 2015 in response to Defendants' first Motion to Dismiss (Dkt. # 5). In the Amended Complaint (Dkt. # 18), Plaintiff appears to allege breach of contract,

ORDER – 1

negligence, bad faith, discrimination under Title VI of the Civil Act of 1964 and Age Discrimination Act of 1975 against Defendant Mercury, and the same claims as independent causes of action against Ms. Quintana.

### III.   LEGAL STANDARD

#### a. 12(b)(6) Motion to Dismiss For Failure to State A Claim

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe his "complaints liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more

ORDER – 2

liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

### b. 12(b)(5) Motion to Dismiss For Insufficient Service

Fed. R. Civ. P. 12(b)(5) allows the dismissal of a complaint due to "insufficient service of process." "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). This case was initially filed in King County Superior Court, then removed to this Court. Since the initial filing was in King County Superior Court, service of process is analyzed under Washington state law. *Lee v. City of Beaumont,* 12 F.3d 933, 937 (9th Cir. 1993). In Washington, CR 4(d)(4) requires Plaintiff to obtain a court order should they wish to effectuate service by mail. If no such order is sought or granted, Plaintiff must serve the complaint by personal service. CR 4(d)(2).

### IV.   ANALYSIS

Before proceeding to the substance of the motion, the Court notes that although Plaintiff filed an opposition to Defendants' Motion (Dkt. # 25) on January 6, 2016, it was due on December 14, 2015. In addition to the opposition being over three weeks late, it did not respond to the substantive arguments present in Defendants' Motion to Dismiss (Dkt. # 20). Pursuant to this Court's Local Rules, Plaintiff's failure "to file papers in opposition to a motion . . . may be considered by the court as an admission that the motion has merit." *See* Local Rules W.D. Wash. LCR 7(b)(2). Parties proceeding *pro se* are afforded substantial lenience, but must still comply with the Local Rules (*cf. Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)), which require opposition papers to "be filed and served not later than the Monday before the noting date" (Local Rules W.D. Wash. 7(d)(3)). Because Plaintiff did not timely oppose and did not address the merits of

ORDER – 3

Defendants' Motion, the Court finds that she has admitted that the Motion has substantial merit and should be granted.

### a. Dismissal of Complaint Under 12(b)(5) Insufficient Service

Defendants' argument that proper service was not effectuated in accordance with CR 4(d)(4) is well taken. "Under CR 4(d)(4), a party may conduct service by mail. A court will issue an order allowing service by mail when there are 'circumstances justifying service by publication' and if the serving party demonstrates, by affidavit, facts which show that service by mail is just as likely to give actual notice as service by publication. CR 4(d)(4)." *Jones v. Stebbins, et al.*, 122 Wn.2d 471, 860 P.2d 1009 (1993). Plaintiff did not seek a court order permitting service by mail. *See* Dkt. # 21 (Verfurth Decl.) Ex. 1. Despite not having the court's permission for mail service, Plaintiff still attempted to serve Defendants by mail. For this reason, service of process was insufficient. Nevertheless, in light of Plaintiff's *pro se* status and the fact that any defect in service could be remedied, the Court proceeds to the merits of Plaintiff's claims.

### b. Breach of Contract Claim

Plaintiff first alleges a breach of contract against Mercury. To bring a cause of action for breach of contract, there must be privity between the parties involved. *Lobak Partitions, Inc. v. Atlas Const. Co., Inc.*, 50 Wash. App. 493, 497 (1988) (lack of privity precludes breach of contract claim); *Klickman v. Title Guaranty Co. of Lewis County*, 105 Wn.2d 526, 529, 716 P.2d 840 (1986). Plaintiff was not a policyholder with Mercury and thus the parties did not have a contractual relationship. Mercury insured Sean O'Connell, the other party in the accident. However, privity does not extend to Plaintiff simply by way of Mercury and Mr. O'Connell's relationship. *Cf. Blackburn v. Safeco Ins. Co.*, 115 Wash.2d 82, 105, 794 P.2d 1259 (1990) (to receive third party insurance coverage, Plaintiff must either be in privity with the insurance company or an occupant in the vehicle that is insured). In addition, the insurance policy contains a provision explicitly stating that a third party has no right of action against the company unless "the amount of

ORDER – 4

the insured's obligation to pay shall have been finally determined either by judgment, against the insured after a contested trial or by written agreement of the insured." Dkt. # 22 (Schmitt Decl. at 9) Ex. 4.  Plaintiff has not alleged any such judgment or agreement in this case.  As such, Plaintiff held no contractual relationship with Defendant Mercury, therefore a breach of contract claim is improper in this circumstance.

### c. Negligence Claim

Plaintiff claims Defendants were "negligent to pay close attention to details and made a wrongful decision to compensate me for my claim in the date of loss." Dkt. # 18 at 3.[1]  The elements of a negligence claim include "(1) the existence of a duty owed to the complaining party; (2) a breach thereof; (3) a resulting injury; and (4) a proximate cause between the claimed breach and resulting injury." *Hansen v. Washington Nat. Gas Co.*, 95 Wash.2d 773, 776, 632 P.2d 504 (1981).  Mercury owed no requisite duty to Plaintiff because Plaintiff is not a party to the insurance policy and retains no right of action as a third-party uninsured. *Hartford Fire Ins. Co. v. Leahy*, 774 F. Supp. 2d 1104, 1121 (W.D. Wash. 2011).  Furthermore, even if such a duty existed, there is no factual showing that Defendants breached this alleged duty.  The accident report does not definitively assign fault to one of the parties, and instead attributes about fifty-percent fault to each side.  Dkt. # 22 (Schmitt Decl.) Ex. 3.  Because no duty existed and no apparent breach of the alleged duty is present, Plaintiff does not have a viable negligence claim.

### d. Bad Faith Claim

Plaintiff alleges a tenuous bad faith claim against Defendants citing incomprehensive review of the relevant facts when denying her insurance claim.  "Bad faith handling of an insurance claim is a tort analyzed applying the same principles of other torts: duty breach of that duty, proximate cause and damages.  Insurers have a duty

---

[1] The grounds for this negligence claim appear to be indistinguishable from the breach of contract claim. Since Plaintiff was not in privity with Mercury, Mercury has no duty to the Plaintiff. However, the Court proceeds with a substantive analysis of the negligence claim.

ORDER – 5

to act in good faith separate from their contractual coverage obligations to their insureds." *Aecon Bldgs., Inc. v. Zurich N. A.*, 572 F. Supp. 2d 1227, 1234 (W.D. Wash. 2008). Third party claimants who are injured by the insured, however, do not have a cause of action against the insurance company. *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 391, 715 P.2d 1133 (1986) ("We hold that third party claimants may not sue an insurance company directly for alleged breach of a duty of good faith under a liability policy"). Plaintiff is not the insurance policyholder, nor is she permitted to bring a third party claim. Therefore, Plaintiff has no standing to sue either Defendant under a theory of bad faith.

### e. Discrimination Under Title VI of the Civil Rights Act of 1964 and Age Discrimination Act of 1975

Plaintiff next alleges discrimination under Title VI of the Civil Rights Act of 1964 and the Age Discrimination Act of 1975. Title VI of the Civil Rights Act of 1964 provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. To prevail on a Title VI claim, "Plaintiff must show that (1) there is a racial or national origin discrimination and (2) the entity engaging in the discrimination receives federal financial assistance." *Atkins v. The Bremerton Sch. Dist.*, No. C04-5779RBL, 2005 WL 135661, at *2 (W.D. Wash. June 7, 2005). Plaintiff does not allege sufficient facts to satisfy either of these two prongs. There is no evidence to suggest that an act of racial discrimination occurred during the handling of her insurance claim, other than the fact that her claim was denied. Such a denial does not convey that her claim was handled differently as compared with other claims similar in nature and circumstance, especially because the police report suggests that both parties were about equally responsible for the resulting accident. With regard to the federal assistance prong, there is no evidentiary showing that Defendant Mercury is a recipient of federal

ORDER – 6

funds. Without more facts to bolster the alleged act of discrimination, a violation of Title VI of the Civil Rights Act of 1964 does not appear to be present.

Plaintiff also alleges a violation of the Age Discrimination Act of 1975 ("ADA"), which prohibits "discrimination on the basis of age in programs or activities receiving federal financial assistance." 42 U.S.C. § 6101. There is no indication in the Complaint—or in any pleading since presented—that age played a role in the assessment of Plaintiff's insurance claim. The fact that the insurance claim was denied does not evidence a violation of the ADA. Moreover, there again is no showing that Mercury receives federal financial assistance. For the reasons stated above, Plaintiff does not present a colorable ADA claim.

### f. Independent Cause of Action Against Nina Quintana

Plaintiff names Ms. Quintana, Mercury's insurance adjuster in this claim, as a separate Defendant. Both the Ninth Circuit and the Western District of Washington interpreting Washington law have held no cause of action exists against the employee of an insurance company if the employee is acting within the scope of their employment. *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *Garoutte v. Am. Family Mut. Ins. Co.*, Case No. C12-1787MJP, 2013 WL231104, at *2 (W.D. Wash., Jan. 22, 2013). Ms. Quintana was well within her scope of employment when assessing and denying the insurance claim and Plaintiff's allegations do not reveal any more. In fact, Plaintiff's allegations substantively require Ms. Quintana to have done her job: adjust the claim. As such, no individual cause of action may be asserted against Ms. Quintana.

### g. Plaintiff's Additional Claims in Subsequent Responsive Pleadings

The Court notes that Plaintiff has alleged a myriad of additional claims against a number of different (and not yet added) defendants in her oppositions to Defendants' Motion to Dismiss. Dkt. # 25, 28, 29. The claims merely state various laws without any facts or evidence to support the allegations. To be clear, the dismissal of a case "with prejudice" or "without prejudice" bears on the ability of the Plaintiff to refile the same

ORDER – 7

claims and has no relation to the ordinary meaning "prejudice" may carry outside the lexicon of court procedure. To dismiss a claim "with prejudice" means Plaintiff may not refile the alleged claim(s) after dismissal, however to dismiss a claim "without prejudice" means Plaintiff may refile the claim(s) in the same or different court. Because Plaintiff did not respond to the substantive arguments of Defendants' Motion to Dismiss, and the additional claims are not supported by sufficient facts, Plaintiff's Complaint will be dismissed with prejudice.

### h. Motion to Appoint Counsel

Plaintiff has an outstanding Motion to Appoint Counsel. Dkt. # 16. This is a civil action and, as a general matter, plaintiff has no right to counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of a petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show he or she has an insufficient grasp of his or her case or the legal issue involved and an inability to articulate the factual basis of the claim. *Agyeman*, 390 F.3d at 1103.

As discussed above, Plaintiff's allegations lack merit and thus do not satisfy the requisite "exceptional circumstances" standard. For this reason, Plaintiff's Motion to Appoint Counsel is **DENIED**.

///
///
///
///
///

ORDER – 8

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. # 20) and **DENIES** Plaintiff's Motion to Appoint Counsel (Dkt. # 16).  Plaintiff has failed to substantively oppose this motion, effectuated improper service, and failed to state a claim upon which relief can be granted.  Plaintiff's Complaint is therefore **DISMISSED with prejudice.**  The Clerk to close this case.

DATED this 28th day of January, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court

ORDER – 9